MARTHA CRAIG DAUGHTREY,. Circuit Judge,
concurring.
I concur in the majority’s conclusion that the district court’s denial of Willard McCarley’s habeas corpus petition must be reversed and the matter remanded for issuance of a conditional writ. Examination of the record before us demonstrates unequivocally that D.P.’s statements to Dr. Lord constituted testimonial evidence and that it would be an unreasonable application of the principles set forth in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), to conclude that the error in admitting those statements into evidence was harmless. I write separately only to express my belief that the Ohio Court of Appeals, in deeming any purported Sixth Amendment error in this matter to be harmless, actually was adjudicating McCarley’s Confrontation Clause challenge on the merits.
As noted by the majority, “Confrontation Clause violations are subject to harmless error analysis.” See Delaware v. Van Arsdall, 475 U.S. 673, 684, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). Consequently, in Confrontation Clause cases, as in other cases involving constitutional violations that are not per se prejudicial, any resolution of an allegation of constitutional error necessarily must encompass an analysis of whether that purported error “had substantial and injurious effect or influence in determining the jury’s verdict.” Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)). The determination of whether any constitutional error is harmless or prejudicial thus is part and parcel of a merits adjudication of the issue. By concluding that McCarley was not harmed by the admission of Lord’s testimony in this case, the Ohio Court of Appeals thus made a finding that was tantamount to holding that there was no merit to the petitioner’s assertion.
Even though I believe that the Ohio Court of Appeals did adjudicate the Confrontation Clause issue on its merits, there can be no doubt that the state court unreasonably applied settled federal constitutional law in concluding that McCarley was not prejudiced by the admission of the challenged testimony. For that reason, I concur in the judgment reached by the majority in this appeal.